*3.22gp4(SALm)*

ORDER    427017

DOCKET NO: NNHCV216119035S

OFFICE OF CHIEF DISCIPLINARY
COUNSEL
    V.
BARRETT, SEAN PATRICK

SUPERIOR COURT

JUDICIAL DISTRICT OF NEW HAVEN
    AT NEW HAVEN

11/18/2021

FEB 16 2022 AM9:11
FILED - USDC - BPT - CT

ORDER

The following order is entered in the above matter:

ORDER:

Pursuant to Practice Book § 2-82(b), the court enters the following orders based on its acceptance of the parties' Proposed Disposition attached to the Presentment in this matter dated September 23, 2021 and executed on October 4, 2021:

1) The Respondent is hereby suspended from the practice of law for a period of thirty days, retroactive to August 2, 2021; and

2) The Respondent is hereby reprimanded.

Judicial Notice (JDNO) was sent regarding this order.

427017

Judge: JAMES WILSON ABRAMS

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| | |
|---|---|
| **DOCKET No.:** | **: SUPERIOR COURT** |
| **OFFICE OF CHIEF**<br>**DISCIPLINARY COUNSEL** | **: J. D. OF NEW HAVEN** |
| **v.** | **: AT NEW HAVEN** |
| **SEAN PATRICK BARRETT** | **: NOVEMBER 16, 2021** |

<u>**PRESENTMENT OF ATTORNEY FOR MISCONDUCT**</u>

To the Superior Court within and for the Judicial District of Hartford, now in session, comes now the Office of Chief Disciplinary Counsel, duly authorized and appointed pursuant to Practice Book §§ 2-34A and 2-82 (b), makes presentment to the Court that Attorney Sean Patrick Barrett is guilty of misconduct, involving his character, integrity, and professional standing and conduct and complains and says:

<u>**COUNT ONE**</u>- Grievance #20-0113  **Miller v. Barrett**

1.    Sean Patrick Barrett (hereinafter Respondent), Juris Number 430332, was admitted to the bar of the State of Connecticut on November 6, 2009 and has the following history of discipline:   on July 15, 2021, the court (Jacobs, J.) ordered the Respondent suspended from the practice of law for three months, retroactive to February 18, 2020, in OCDC v. Barrett,   Docket No. FBT-CV19-6088234-S. Further, if the Respondent resumes the practice of law within eighteen (18) months of the court's order, the Respondent must provide Disciplinary Counsel with:  the law firm address; area of law he will practice; proof of three hours of CLE in legal

ethics within nine months of commencing practice of law; and proof of malpractice insurance.

2.  By grievance complaint dated February 21, 2020, Donna Miller instituted a grievance complaint against the Respondent, Grievance Complaint #20-0113, Miller v. Barrett.

3.  On August 14, 2020 the Fairfield Judicial District Grievance Panel found probable cause that the respondent engaged in misconduct, specifically, violations of Rules 1.3 for lack of diligence and 1.4 for lack of communication of the Rules of Professional Conduct.

4.  Pursuant to Practice Book § 2-82(b), Disciplinary Counsel and the Respondent agree that this matter should be submitted for approval directly to the court, as it involves possible suspension or disbarment, or possible imposition of a period of probation or other sanctions beyond the authority of the Statewide Grievance Committee as set forth in Practice Book § 2-37.

5.  In connection with Grievance Complaint # 20-0113, the OCDC and the Respondent have tendered a proposed disposition and Respondent has tendered an affidavit pursuant to Practice Book § 2-82(d) attached hereto as Exhibit A. The Respondent admits he failed to diligently pursue Donna Miller's dissolution of marriage case; and that he failed to return calls, emails or texts; and that he failed to promptly comply with reasonable requests for information and that this conduct violated Rules 1.3, 1.4(a)(3) and 1.4(a)(4) of the Rules of Professional Conduct and the

Office of Chief Disciplinary Counsel   100 Washington Street, Hartford, CT 06106
Tel (860) 706-5055  *  Fax (860) 706-5063  *  Juris no. 422382

OCDC and Respondent agree to a thirty day suspension of the practice of law, retroactive to August 2, 2021.

## COUNT TWO – Grievance #21-0085  Pozucek v. Barrett

1.  Sean Patrick Barrett (hereinafter Respondent), Juris Number 430332, was admitted to the bar of the State of Connecticut on November 6, 2009 and has the following history of discipline:  on July 15, 2021, the court (Jacobs, J.) ordered the Respondent suspended from the practice of law for three months, retroactive to February 18, 2020, in OCDC v. Barrett,  Docket No. FBT-CV19-6088234-S. Further, if the Respondent resumes the practice of law within eighteen (18) months of the court's order, the Respondent must provide Disciplinary Counsel with:  the law firm address; area of law he will practice; proof of three hours of CLE in legal ethics within nine months of commencing practice of law; and proof of malpractice insurance.

2.  By grievance complaint dated March 1, 2021, Alicia Pozucek instituted a grievance complaint against the Respondent, Grievance Complaint #21-0085, Pozucek v. Barrett.

3.  Fairfield Judicial District Grievance Panel found probable cause that the respondent engaged in misconduct, specifically, Rule 8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1) for failure to respond to the grievance complaint.

4.  Pursuant to Practice Book § 2-82(b), the Respondent and Disciplinary Counsel agree that this matter should be submitted for approval directly to the court, as it

Office of Chief Disciplinary Counsel   100 Washington Street, Hartford, CT 06106
Tel (860) 706-5055  *  Fax (860) 706-5063  *  Juris no. 422382

involves possible suspension or disbarment, or possible imposition of a period of probation or other sanctions beyond the authority of the Statewide Grievance Committee as set forth in Practice Book § 2-37.

5.  In connection with Grievance Complaint # 20-0113, the OCDC and the Respondent have tendered a proposed disposition and Respondent has tendered an affidavit pursuant to Practice Book § 2-82(d) attached hereto as Exhibit A. The Respondent admits that he failed to respond to the grievance complaint and that this conduct violated Rule  8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1) and the OCDC and Respondent agree the Respondent shall be reprimanded.

**WHEREFORE**, the Petitioner, Office of Chief Disciplinary Counsel prays that such proceedings may be had on this complaint as is provided by law and the rules of the Court, that an appropriate order of discipline be issued against him, and that costs and expenses be taxed against the Respondent.

Dated at Hartford, Connecticut this 16th day of November 2021.

THE PETITIONER
OFFICE OF CHIEF DISCIPLINARY COUNSEL

By:

Marie-Louise Villar
Assistant Chief Disciplinary Counsel
Office of Chief Disciplinary Counsel
Juris No. 422382
100 Washington Street
Hartford, Connecticut 06106
860-706-5057
Marie-Louise.Villar@jud.ct.gov

Page 4 of 6

# EXHIBIT A

# EXHIBIT A

**OFFICE OF CHIEF DISCIPLINARY COUNSEL**             **SUPERIOR COURT**

v.                                                  **JUDICIAL DISTRICT OF HARTFORD**

**SEAN PATRICK BARRETT**                            **SEPTEMBER 23, 2021**

### PROPOSED DISPOSITION PURSUANT TO PRACTICE BOOK § 2-82(b)

Pursuant to Practice Book § 2-82(b), and Practice Book § 2-82(a)(1), the undersigned Respondent and Disciplinary Counsel stipulate and agree as follows:

1.  Sean Patrick Barrett (hereinafter Respondent), juris number 430332, was admitted to the bar of the State of Connecticut on November 6, 2009 and has the following history of discipline: on July 15, 2021, the court (Jacobs, J.) ordered the Respondent suspended from the practice of law for three months, retroactive to February 18, 2020, in OCDC v. Barrett Docket No. FBT-CV19-6088234-S. Further, if the Respondent resumes the practice of law within eighteen (18) months of the court's order, the Respondent must provide Disciplinary Counsel with: the law firm address; area of law he will practice; proof of three hours of CLE in legal ethics within nine months of commencing practice of law; and proof of malpractice insurance.

2.  The Respondent has registered with the Statewide Grievance Committee for 2021 and is currently in good standing.

3.  By grievance complaint dated February 21, 2020, Donna Miller instituted a grievance complaint against the Respondent, Grievance Complaint #20-0113, Miller v. Barrett.

4.  In connection with Grievance Complaint # 20-113 the Respondent has tendered an

F9

affidavit pursuant to Practice Book § 2-82(d) attached hereto, and admits that he failed to diligently pursue Donna Miller's dissolution of marriage case; and that he failed to return calls, emails or texts; and that he failed to promptly comply with reasonable requests for information and that this conduct violated Rules 1.3, 1.4(a)(3) and 1.4(a)(4) of the Rules of Professional Conduct.

5. By grievance complaint dated March 1, 2021, Alicia Pozucek instituted a grievance complaint against the Respondent, Grievance Complaint #21-0085, Pozucek v. Barrett.

6. In connection with Grievance Complaint # 21-0085 the Respondent has tendered an affidavit pursuant to Practice Book § 2-82(d) attached hereto, and admits that he failed to respond to the grievance complaint and that this conduct violated Rule 8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1).

7. Pursuant to Practice Book § 2-82(b), the Respondent and Disciplinary Counsel agree that this matter should be submitted for approval directly to the court, as it involves possible suspension or disbarment, or other sanctions beyond the authority of the Statewide Grievance Committee as set forth in Practice Book § 2-37.

8. The parties agree that an appropriate disposition of Grievance #20-0113 is that the court order a thirty day suspension, retroactive to August 2, 2021.

9. The parties agree that an appropriate disposition of Grievance #21-0085 is that the respondent will be reprimanded by the court.

9. If this agreement is rejected by the court, Disciplinary Counsel will pursue this matter at a contested hearing.

WHEREFORE, this matter is submitted to the court for its approval in accordance with Practice Book § 2-82(b).

Office of Chief Disciplinary Counsel,

10 - 04 · 2021
Date

By:   Marie-Louise Villar
      Assistant Chief Disciplinary Counsel

10/4/21
Date

Frank J. Riccio, II
Counsel for Respondent

10/4/21
Date

Sean Patrick Barrett
Respondent

F9

**OFFICE OF CHIEF DISCIPLINARY COUNSEL**      **SUPERIOR COURT**

**v.**      **JUDICIAL DISTRICT OF HARTFORD**

**SEAN PATRICK BARRETT**      **SEPTEMBER 23, 2021**

## AFFIDAVIT

STATE OF CONNECTICUT    )
                           )  ss.
COUNTY OF *Fairfield*   )

      I am over the age of 18 and believe in the obligation of an oath. Pursuant to Practice Book §2-82(d), I make the following affidavit:

1.    The Proposed Disposition attached hereto and made a part hereof is voluntarily submitted.

2.    I hereby consent to the form of disposition set out in the foregoing Proposed Disposition.

3.    I am aware that I have a right to a full evidentiary hearing on this matter with the assistance of an attorney and I waive that right by entering into this agreement.

4.    I have been neither subject to coercion nor duress and I am fully aware of the consequences of this Affidavit and Proposed Disposition.

5.    In connection with Grievance Complaint # 20-0113, Miller v. Barrett, I admit failed to diligently pursue the complainant's dissolution of marriage case; that I failed to return calls, emails or texts to the complainant; and that I failed to promptly comply with reasonable requests for information from the complainant and that this conduct violated Rules 1.3, 1.4(a)(3) and 1.4(a)(4) of the Rules of Professional Conduct.

F9

6.   In connection with Grievance Complaint # 21-0085, Pozucek v. Barrett, I admit failed to respond to the grievance complaint and that this conduct violated Rule 8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1).

7.   I agree to a thirty day suspension, retroactive to August 2, 2021 in grievance #20-0113.

8.   I agree to a reprimand in grievance #21-0085.

9.   I understand and agree that Disciplinary Counsel will recommend that this matter be resolved by the imposition of the sanctions set forth in the Proposed Disposition and if this agreement is rejected by the court, Disciplinary Counsel will pursue this matter at a contested hearing.

_____
Sean Patrick Barrett


Subscribed and sworn to before me this __ day of _____, 2021.

_____
Frank J. Riccio II
Commissioner of the Superior Court
Notary Public
My Commission Expires:

F9

**DOCKET No.:**                                    : **SUPERIOR COURT**

**OFFICE OF CHIEF**                                : **J. D. OF NEW HAVEN**
**DISCIPLINARY COUNSEL**

**v.**                                             : **AT NEW HAVEN**

**SEAN PATRICK BARRETT**                           : **NOVEMBER 16, 2021**

<u>**SUMMONS**</u>

To any Proper Officer:

By the authority of the State of Connecticut, you are hereby commanded to summon

Sean Patrick Barrett, to appear before the Superior Court in and for the Judicial District of

New Haven at New Haven, 235 Church Street, New Haven, Connecticut 06510, Room

_____ **or by way of remote hearing** on the____day of _____, 2021 at

_____AM/PM, then and there to answer unto the foregoing Presentment Complaint, by

serving the Respondent Sean Patrick Barrett of 94 6th Avenue, Milford, Connecticut, 06460,

by email to his counsel, Frank J. Riccio, II, at <u>frankriccio@ricciolaw.com</u>, abode and in-hand

service waived, a true and attested copy of the Presentment of Attorney Complaint, Order for

Hearing and Notice, and this Summons, on or before the _____day of

_____, 2021.

Hereof fail not, but due service and return make.

Dated at HARTFORD, Connecticut, this _____ day of _____, 2021.

_____
Marie-Louise Villar
Assistant Chief Disciplinary Counsel

Page **5** of **6**

Office of Chief Disciplinary Counsel   100 Washington Street, Hartford, CT 06106
Tel (860) 706-5055  *  Fax (860) 706-5063  *  Juris no. 422382



**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**

**STATEWIDE GRIEVANCE COMMITTEE**

Christopher L. Slack, *Assistant Bar Counsel*

*287 Main Street*
*Second Floor – Suite Two*
*East Hartford, CT 06118-1885*
*(860) 568-5157 Fax (860) 568-4953*
*Judicial Branch Website: www.jud.ct.gov*

October 6, 2021

Attorney Marie-Louise Villar
Office of Chief Disciplinary Counsel
100 Washington Street
Hartford, CT  06106

Attorney Sean Patrick Barrett
94 6th Avenue
Milford, CT  06460

RE:     Grievance Complaint #20-0113, <u>Miller v. Barrett</u>

Dear Disciplinary Counsel and Respondent:

The above referenced grievance matter was scheduled for a hearing before a reviewing committee of the Statewide Grievance Committee on October 6, 2021.  The hearing, however, did not go forward because you filed a *Proposed Disposition Pursuant to Practice Book §2-82(b)*, agreeing to submit this matter directly to a judge of the Superior Court.  Accordingly, we will take no further action other than to note in the Statewide Grievance Committee's official records that the matter was bypassed to the Superior Court.  The file will remain public pursuant to Practice Book §2-50 and we will await notification from the Superior Court as to its ultimate disposition.

Sincerely,

Christopher L. Slack

Cc:     Donna Miller
        Attorney Frank J. Riccio, II
        Attorney Matthew G. Berger
        Attorney Scott M. Jones
        Ms. Gail Post

OFFICE OF CHIEF DISCIPLINARY COUNSEL        SUPERIOR COURT

v.                                    JUDICIAL DISTRICT OF HARTFORD

SEAN PATRICK BARRETT                  SEPTEMBER 23, 2021

### PROPOSED DISPOSITION PURSUANT TO PRACTICE BOOK § 2-82(b)

Pursuant to Practice Book § 2-82(b), and Practice Book § 2-82(a)(1), the undersigned Respondent and Disciplinary Counsel stipulate and agree as follows:

1.   Sean Patrick Barrett (hereinafter Respondent), juris number 430332, was admitted to the bar of the State of Connecticut on November 6, 2009 and has the following history of discipline:  on July 15, 2021, the court (Jacobs, J.) ordered the Respondent suspended from the practice of law for three months, retroactive to February 18, 2020, in OCDC v. Barrett  Docket No. FBT-CV19-6088234-S.  Further, if the Respondent resumes the practice of law within eighteen (18) months of the court's order, the Respondent must provide Disciplinary Counsel with:  the law firm address; area of law he will practice; proof of three hours of CLE in legal ethics within nine months of commencing practice of law; and proof of malpractice insurance.

2.   The Respondent has registered with the Statewide Grievance Committee for 2021 and is currently in good standing.

3.   By grievance complaint dated February 21, 2020, Donna Miller instituted a grievance complaint against the Respondent, Grievance Complaint #20-0113, Miller v. Barrett.

4.   In connection with Grievance Complaint # 20-113 the Respondent has tendered an

F9

affidavit pursuant to Practice Book § 2-82(d) attached hereto, and admits that he failed to diligently pursue Donna Miller's dissolution of marriage case; and that he failed to return calls, emails or texts; and that he failed to promptly comply with reasonable requests for information and that this conduct violated Rules 1.3, 1.4(a)(3) and 1.4(a)(4) of the Rules of Professional Conduct.

5.    By grievance complaint dated March 1, 2021, Alicia Pozucek instituted a grievance complaint against the Respondent, Grievance Complaint #21-0085, Pozucek v. Barrett.

6.    In connection with Grievance Complaint # 21-0085 the Respondent has tendered an affidavit pursuant to Practice Book § 2-82(d) attached hereto, and admits that he failed to respond to the grievance complaint and that this conduct violated Rule 8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1).

7.    Pursuant to Practice Book § 2-82(b), the Respondent and Disciplinary Counsel agree that this matter should be submitted for approval directly to the court, as it involves possible suspension or disbarment, or other sanctions beyond the authority of the Statewide Grievance Committee as set forth in Practice Book § 2-37.

8.    The parties agree that an appropriate disposition of Grievance #20-0113 is that the court order a thirty day suspension, retroactive to August 2, 2021.

9.    The parties agree that an appropriate disposition of Grievance #21-0085 is that the respondent will be reprimanded by the court.

9.    If this agreement is rejected by the court, Disciplinary Counsel will pursue this matter at a contested hearing.

F9

WHEREFORE, this matter is submitted to the court for its approval in accordance with Practice Book § 2-82(b).

Office of Chief Disciplinary Counsel,

10-04-2021
Date

By:    Marie-Louise Villar
       Assistant Chief Disciplinary Counsel

10/4/21
Date

Frank J. Riccio, II
Counsel for Respondent

10/4/21
Date

Sean Patrick Barrett
Respondent

F9

OFFICE OF CHIEF DISCIPLINARY COUNSEL   SUPERIOR COURT

v.            JUDICIAL DISTRICT OF HARTFORD

SEAN PATRICK BARRETT      SEPTEMBER 23, 2021

### AFFIDAVIT

STATE OF CONNECTICUT )
         ) ss.
COUNTY OF _Fairfield_  )

   I am over the age of 18 and believe in the obligation of an oath. Pursuant to Practice Book §2-82(d), I make the following affidavit:

1. The Proposed Disposition attached hereto and made a part hereof is voluntarily submitted.

2. I hereby consent to the form of disposition set out in the foregoing Proposed Disposition.

3. I am aware that I have a right to a full evidentiary hearing on this matter with the assistance of an attorney and I waive that right by entering into this agreement.

4. I have been neither subject to coercion nor duress and I am fully aware of the consequences of this Affidavit and Proposed Disposition.

5. In connection with Grievance Complaint # 20-0113, Miller v. Barrett, I admit failed to diligently pursue the complainant's dissolution of marriage case; that I failed to return calls, emails or texts to the complainant; and that I failed to promptly comply with reasonable requests for information from the complainant and that this conduct violated Rules 1.3, 1.4(a)(3) and 1.4(a)(4) of the Rules of Professional Conduct.

F9

6.  In connection with Grievance Complaint # 21-0085, Pozucek v. Barrett, I admit failed to respond to the grievance complaint and that this conduct violated Rule 8.1(2) of the Rules of Professional Conduct and Practice Book § 2-32(a)(1).

7.  I agree to a thirty day suspension, retroactive to August 2, 2021 in grievance #20-0113.

8.  I agree to a reprimand in grievance #21-0085.

9.  I understand and agree that Disciplinary Counsel will recommend that this matter be resolved by the imposition of the sanctions set forth in the Proposed Disposition and if this agreement is rejected by the court, Disciplinary Counsel will pursue this matter at a contested hearing.

_____
Sean Patrick Barrett


Subscribed and sworn to before me this _4th_ day of _October_, 2021.

_____
Frank J. Riccio II
Commissioner of the Superior Court
Notary Public
My Commission Expires:

F9



**STATE OF CONNECTICUT
JUDICIAL BRANCH**

**FAIRFIELD JUDICIAL DISTRICT
GRIEVANCE PANEL**

Sue A. Cousineau, *Grievance Counsel*

*547 Main Street
Suite 101
Middletown, CT 06457*

*Tel: 860-346-1783*

*Sue.cousineau@jud.ct.gov*

August 14, 2020

Ms. Donna Miller
50 Hurd Ave.
Stratford, CT 06614

AUG 19 2020

Attorney Sean Barrett
3651 Main St. – Suite 200
Stratford, CT 06614

Re:     Grievance Complaint #20-0113 –Miller v Barrett

## Grievance Panel Finding of Probable Cause

Dear Ms. Miller and Attorney Barrett:

Pursuant to Practice Book §2-32 and Rule 1 of the Grievance Panel Rules of Procedure, the Fairfield Judicial District Grievance Panel (hereinafter, "Grievance Panel") has completed its investigation of the above referenced grievance complaint.   At a scheduled meeting of the Grievance Panel the Panel determined that the record supported a finding of probable cause that the Respondent engaged in misconduct.  The Grievance Panel made its determination based upon the written record and without the need for a hearing.

Ms. Miller and Attorney Barrett
GC# 20-0113
August 14, 2020
Page 2

The Complainant hired the Respondent to represent her in her dissolution action. She alleges
neglect, diligence or competence issues, that the Respondent did not return her records, that the
Respondent committed fraud or misrepresentation, that there were communication issues, that
the Respondent did not safeguard money or property and that he lied to her, asked her to lie and
was verbally abusive. The Complaint sets out specific examples of the allegations regarding the
Respondent lying and advising her to lie. The Complainant alleges that the Respondent did not
return calls, emails or text messages. The Complainant further alleges that the Respondent did
not do legal work that he promised her he would do, did not keep her advised regarding the
status of the case or motions filed by opposing counsel. The Complainant alleges that the
Respondent was verbally abusive to her in that he yelled and swore at her, he pounded the desk
when yelling at her and stood over her, pointing his finger at her and yelled and swore at her.
Finally, she alleges that the Respondent destroyed evidence that she had given to him. The
Respondent presented two witness statements that support her allegations regarding the
Respondent's demeanor and lack of preparation and knowledge of the file. The Respondent
denies the Complainant's allegations and offers detailed explanations to refute her statements.
By her Reply, the Complainant reiterates her complaints and offers additional facts. Each party
presents very specific and somewhat credible evidence. The Panel finds that there is probable
cause which necessitates a hearing.

The Grievance Panel concluded that the record supports a finding of probable cause that the
Respondent violated the following Rules of Professional Conduct:

**Rule 1.3 Diligence –** The Panel found probable cause that there was a lack of diligence in
moving the case to completion.

**Rule 1.4 Communication -** The Panel found that the Respondent did not turn the entire file over
to new counsel.

The Grievance Panel also considered the following Rules of Professional Conduct but did not
find probable cause of misconduct relating to those Rules or Practice Book sections:

**Rule 1.1 Competence, Rule 1.15 Safekeeping Property, Rule 8.4 Misconduct**.

Pursuant to Practice Book §2-32(i), this letter and a copy of the Grievance Panel's record are
being filed with the Statewide Grievance Committee and Disciplinary Counsel's Office. A
hearing will be conducted before the Statewide Grievance Committee in accordance with
Practice Book §2-35(c). You will be contacted in writing by the Statewide Grievance
Committee regarding the time and place of the hearing. You will also be contacted by the Office

Ms. Miller and Attorney Barrett
GC# 20-0113
August 14, 2020
Page 3

of Chief Disciplinary Counsel regarding this matter.  This concludes the Grievance Panel's
investigation of the matter.

Very truly yours,

Sue A. Cousineau

Cc:    Statewide Grievance Committee
       Chief Disciplinary Counsel
       Panel Members